# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| DANETT HOLMES, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CASE NO.: 3:10-CV-40-TLS |
| LOCKHART MORRIS MONTGOMERY, INC., | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on the Plaintiff's Memorandum of Points and Authorities in Support of Plaintiff's Application for Default Judgment Pursuant to Federal Rule of Civil Procedure 55(b)(1) [ECF No. 7], filed on September 2, 2010, and the Plaintiff's Motion for Default Judgment [ECF No. 8], filed on September 13, 2010.

The Plaintiff filed a Complaint [ECF No. 1] on January 29, 2010, alleging that the Defendant violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 *et seq*. The Plaintiff filed an executed Summons with Proof of Service [ECF No. 4] on May 5, 2010. The Clerk's Entry of Default [ECF No. 6] was entered on May 7, 2010, against Defendant Lockhart Morris Montgomery, Inc. The Plaintiff now seeks a default judgment in the amount of $3538.30 as follows: $1000.00 in statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A); $2113.30 in attorney's fees; and $425.00 in filing and service fees pursuant to 15 U.S.C. § 1692k(a)(3). Along with her Motion for Default Judgment, the Plaintiff filed a billing statement (including a billing invoice), a receipt for the costs of serving process, data regarding billing rates, and declarations by the following individuals: Alicia Mandolini, Adam T. Hill, and Harry Bradley. These declarations attest to the amount of attorney's fees incurred on the Plaintiff's behalf in this matter. The remaining amounts sought do not require

any declarations because they are statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) and statutory fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).[1]

A court may only enter default judgment after the clerk's entry of default. Fed. R. Civ. P. 55(a). *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004) ("There are two stages in a default proceeding: the establishment of the default, and the actual entry of a default judgment. Once the default is established, and thus liability, the plaintiff still must establish his entitlement to the relief he seeks."). Rule 55(a) directs the clerk to enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." After the clerk enters default, the court may enter default judgment in the exercise of its sound discretion. *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 988 F.2d 1394, 1398 (7th Cir. 1993) ("decision to enter default lies within the district court's discretion.") (citing *Merrill Lynch Mortg. Corp. v. Narayan*, 908 F.2d 246, 250 (7th Cir. 1990)); *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1322 (7th Cir. 1983) (finding that the entry of default judgement is within the trial court's discretion). The party moving for default judgment must establish an entitlement to the relief sought. *In re Catt*, 368 F.3d at 793. Even when default judgment is warranted, allegations in the complaint regarding the amount of damages are not taken to be true. *Id.*; *Dundee Cement Co.*, 722 F.2d at 1323. Instead, courts must ascertain with reasonable certainty

---

[1] In the Plaintiff's Memorandum of Points and Authorities in Support of Plaintiff's Application for Default Judgment Pursuant to Federal Rule of Civil Procedure 55(b)(1) [ECF Nos. 7 and 8-1], the Plaintiff requests $500 in anticipated collection costs. The Plaintiff does not renew this request in her Motion for Default Judgment, and the Court understands that the Plaintiff is no longer requesting anticipated collection costs. In the event the Plaintiff did not mean to waive her request for anticipated collection costs, the Court would not award anticipated collection costs because the Plaintiff has offered no authority or facts in support of her request, and the Court finds no basis to award the Plaintiff's request for $500 in anticipated collection costs. The Court notes that other courts have denied as speculative similar requests for $500 in anticipated collection costs. *See, e.g.*, *Brown v. Phillips, Everett & Jones, LLC*, No. 09-CV-9274, 2010 WL 2555642, at *2 (C.D. Cal. June 21, 2010); *Hoover v. W. New York Capital*, No. 09-CV-955A, 2010 WL 2472500, at *4–6 (W.D.N.Y. June 16, 2010); *Herber v. Prof'l Adjustment Corp.*, No. 8:10-CV-794-T-23, 2010 WL 2103025, at *1 (M.D. Fla. May 25, 2010).

the proper amount to award as damages to the prevailing party, based upon either an evidentiary hearing or from definite figures contained in documentary evidence or in detailed affidavits. *In re Catt*, 368 F.3d at 793; *Dundee Cement Co.*, 722 F.2d at 1323.

The Plaintiff has satisfied Rule 55(a)'s requirements as evidenced by the Clerk's Entry of Default [ECF No. 6] entered on May 7, 2010. The Plaintiff's request for $1000.00 in statutory damages is reasonable and within the statutory limits in 15 U.S.C. § 1692k(a)(2)(A). After considering the Plaintiff's Motion for Default Judgment and the attached supporting materials, the Court finds that the Plaintiff's request for $2113.30 in attorney's fees and $425 in filing and service fees is not fully supported the Plaintiff's evidence. The Court finds the billing invoice attached to the Motion for Default Judgment [ECF No. 8-2] only supports $1665.00 in attorney's fees and $415 in filing and service fees.

Therefore, the Court GRANTS IN PART and DENIES IN PART the Plaintiff's Motion for Default Judgment [ECF No. 8]. The Plaintiff's filing of her Motion for Default Judgement renders her Memorandum of Points and Authorities in Support of Plaintiff's Application for Default Judgment Pursuant to Federal Rule of Civil Procedure 55(b)(1) [ECF No. 7] moot, and it is DENIED as such. The Court ORDERS the Clerk of this Court to enter judgment in favor of Danett Holmes and against Defendant Lockhart Morris Montgomery, Inc. for $3,080.00, comprising of $1,000.00 in statutory damages, $1,665.00 in attorney's fees, and $415.00 in filing and service fees.

SO ORDERED on September 14, 2010.

     s/ Theresa L. Springmann  
THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT  
FORT WAYNE DIVISION